MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff EDWARD R. SERRATA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. SERRATA,<br><br>       Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; THE SHERMAN WILLIAMS COMPANY GROUP LONG-TERM DISABILITY PLAN; DOES 1-10<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

– 1 –

DONAHUE & HORROW LLP

DONAHUE & HORROW LLP

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") as it involves a claim by Plaintiff for long-term disability ("LTD") benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331, as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff EDWARD R. SERRATA ("Plaintiff' or "Mr. Serrata") is a resident of San Mateo County and citizen of the State of California, and at all relevant times was an employee of The Sherman Williams Company ("Sherman Williams") and a participant in its employee benefit plan, identified below.

5. Plaintiff alleges upon information and belief that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine, and is authorized to transact and is transacting the business of insurance in this state.

6. Plaintiff is informed and believes and thereon alleges that Defendant THE SHERMAN WILLIAMS COMPANY GROUP LONG-TERM DISABILITY PLAN ("Plan") is an employee welfare benefit plan established and maintained by Sherman Williams to provide its employees with monthly long-term disability ("LTD") income insurance protection, and, is the Plan Administrator.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to Plaintiff who therefore sues said

– 2 –

DONAHUE & HORROW LLP

Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

8. Unum issued Group Policy Number 599224 to Sherman Williams and the eligible participants and beneficiaries of the Plan, including Mr. Serrata.

9. The Plan defines "Disability" as follows:

You are disabled when Unum determines that:
- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

You must be under the regular care of a physician in order to be considered disabled.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by a physician, other medical practitioner and/or vocational expert of our choice. Unum will pay for this examination We can require an examination as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Unum Representative.

10. The Plan states that "gainful occupation" means:

[A}n occupation that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:
80% of your indexed monthly earnings, if you are working; or
60% of your indexed monthly earnings, if you are not working.

11. Prior to his disability, Mr. Serrata was an Account Executive for Sherman Williams.

12. On or about July 8, 2011, Mr. Serrata became "disabled" as defined by the Plan due restrictions the limitations related to his multiple sclerosis ("MS") diagnosis.

13. Multiple sclerosis is a chronic autoimmune disease that affects the central nervous system, causing damage to the myelin sheath that surrounds nerve cells. This damage slows or

– 3 –

DONAHUE & HORROW LLP

stops nerve signals, leading to a variety of symptom, which can include, but are not limited to, loss of balance, muscle spasms, numbness or abnormal sensation, problems moving arms and/or legs, vision issues and pain. There is no known cure for MS, although there are medications that are believed to slow the progression of the disease over time.

14. Based upon information and belief, Mr. Serrata timely filed a claim for long-term disability benefits under the Plan.

15. Given the severity of Mr. Serrata's MS-related symptoms, restrictions and limitations, after reviewing the available medical evidence and support from his treating physicians, Unum agreed that Mr. Serrata met the Plan's definition of disability and approved his claim for LTD benefits under the Plan.

16. Shortly thereafter, Mr. Serrata's claim for Social Security Disability Insurance benefits was approved following a finding by the Social Security Administration that Mr. Serrata's medical condition rendered him unable to "engage in any substantial gainful activity" for "a continuous period of not less than 12 months."

17. In or about January 2014, after receiving 24 months of LTD benefits, Unum then evaluated Mr. Serrata's claim under the "any gainful occupation" provision in the Plan's definition of disability.

18. Following a review of Mr. Serrata's medical records and continued support from his treating physicians, Unum determined that he was unable to "engage in any substantial gainful activity," and thus remained disabled and entitled to LTD benefits under the Plan.

19. For the next nine years, Mr. Serrata continued to provide Unum with copies of his medical records. As would be expected given his MS diagnosis, his records did not reflect any substantial improvement in his condition and symptoms. Instead, his treating physicians continued to report that he was unable to return to work.

20. During this time, the Social Security Administration continued to certify Mr. Serrata's disability.

21. By letter dated April 13, 2023, Unum denied Mr. Serrata's ongoing claim for LTD benefits and informed him that he would not receive any LTD benefits after April 13, 2023.

– 4 –

Unum's decision was primarily based on a misstatement made by one of Mr. Serrata's treating physicians that Mr. Serrata had sedentary work capacity. The letter detailed three jobs that it believed Mr. Serrata could perform, but failed to identify any specific employers that Unum found would be willing to hire Mr. Serrata given the restrictions and limitations imposed by his MS diagnosis.

22. Despite quickly receiving clarification from that doctor, explaining Mr. Serrata did not, in fact, have sedentary work capacity, Unum refused to reverse its decision.

23. Mr. Serrata timely appealed Unum's decision to deny his ongoing claim for LTD benefits.

24. In support of his appeal, Mr. Serrata wrote a letter to Unum on or about June 15, 2023. In the letter, he explained to Unum that that symptoms associated with his MS diagnosis continued to prevent a return to gainful employment.

25. Mr. Serrata reiterated to Unum that his disability symptoms, included, but were not limited to severe leg pain and blurred vision, both of which were severely aggravated by stress. The stress associated with working would worsen these symptoms further. He also noted that the stress of Unum's wrongful claim denial decision was further exacerbating his symptoms. Mr. Serrata also explained that the activities Unum referenced in its denial letter – volunteer coaching of a baseball team and helping to run a charity golf tournament – were not as rigorous as Unum implied and the limited time that he spent on these volunteer activities were in no way commensurate with fulltime sedentary employment. Especially given the fact that he was unable to set for very long due to pain.

26. In further support on his appeal, on or about January 4, 2024, Mr. Serrata's then-counsel provided additional evidence to Unum regarding Mr. Serrata's disability. In addition to detailing how and why Unum's claim decision was erroneous, the submission included updated medical records, a vocational review report and letters of support from Mr. Serrata's doctors, family and friends.

27. On February 9, 2024, Mr. Serrata's then-counsel wrote another letter to Unum, challenging the conclusions of Unum's in-house vocational specialist, and providing an updated

– 5 –

DONAHUE & HORROW LLP

labor market survey establishing that Mr. Serrata would not be considered for employment in the jobs that Unum asserted he could return to work and perform.

28.    On or about March 15, 2024, Unum denied Plaintiff's appeal and affirmed the prior denial.

29.    As a direct and proximate result of Unum's failure to provide Plaintiff with LTD benefits after April 13, 2023, he has been deprived of said benefits from April 14, 2023 to the present.

30.    As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorneys' fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

31.    A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he meets the Plan's definition of disability and thus he is entitled to past due disability benefits under the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    An award of disability benefits from April 14, 2023 to the date of judgment;

2.    For reasonable attorneys' and costs fees incurred in this action; and,

3.    For such other and further relief as the Court deems just and proper.

DATED:  APRIL 23, 2024

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff Edward R. Serrata

DONAHUE & HORROW LLP

– 6 –

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN